Our fourth argument of the morning comes in Appeal 24-1796, Anthony Boyce v. Ashley Cox and others. The defendants left Mr. Boyce in excruciating dental pain for months without providing adequate dental care. He filed a grievance complaining about the absence of care. The question in this appeal is whether he was required to file yet another grievance after the defendants denied him the same care on September 26th. The answer is no. This court and others have held prisoners need not file repeat grievances about a single continuing harm or course of conduct. Because the magistrate judge overlooked that principle, the order granting summary judgment should be reversed. Reversal is also warranted because the magistrate judge misread the district court's merit review order to limit Mr. Boyce's claims to the events of September 26th. Nothing in the order did that, and Mr. Boyce stated plausible deliberate indifference claims arising from the defendant's refusal to provide adequate care before, during, and after September 26th. Mr. Lee, can I confirm with you that there was no merits discovery conducted in this case? That is correct, Your Honor. The magistrate judge, over Mr. Boyce's objection, stayed merits discovery until after resolution of the exhaustion issue. And that's it. Pages 91 and 99 of the separate appendix. Go ahead. You can continue. All right. I'll start with exhaustion with respect to the September 26th appointment. Mr. Boyce filed a grievance on September 20 about ongoing denial of care that he had been experiencing dating from his arrival at the Western Illinois Correctional Center in November of 2021 and continuing to the present. As relief in the grievance, he requested a cleaning, a filling, or a referral. Yet, when he saw the defendants again for an appointment on September 26, they yet again denied his request for a cleaning, filling, or referral. Because they denied a request for the same care that he requested in his grievance, he was under no obligation to file yet another grievance before bringing suit about the events on September 26th. This court recognized that principle internally, where it held that one grievance is enough to exhaust claims arising from a single continuing harm or course of conduct. In reaching that conclusion, this court drew on the Eleventh Circuit's decision in Parsic, which held as much on materially identical facts. Just as the plaintiff there was under no obligation to file a repeat grievance each time the defendants denied his request for an orthopedic consultation, so too Mr. Boyce was under no obligation to file a repeat grievance each time the defendants here denied his request for a cleaning, a filling, or a referral. In reaching the opposite conclusion, the magistrate judge took the view that a grievance cannot exhaust claims arising from future conduct. That is incorrect. As we cite in our briefs, numerous courts have recognized that a grievance can exhaust future claims arising from a single continuing harm, like the one we have here. I'd also like to spend some time talking about the magistrate judge's reading of the District Court's Merit Review Order. In that order, the District Court held that Mr. Boyce stated plausible deliberate indifference claims against Dr. Cattino and Ms. Cox. Nothing in the Merit Review Order limited those claims to the events of a specific date, and it would have made no sense for the District Court to have done so. The complaint alleged an ongoing denial of care, referencing numerous appointments, including the July 2022 appointment, the September appointment, and a subsequent appointment in February 2023, at which Mr. Boyce was denied care. In addition, Mr. Boyce received no adequate dental care on the intervening dates. So this is the part of the case that gets pretty messy, because this is where the magistrate's exhaustion review gets, as you argue, disconnected from the Merit Review Order. Yes, Your Honor. So, in trying to untangle that knot a little bit, it sure looks to me, from going back and looking at the complaint, the handwritten complaint, that in the required appendix at page 8, S.A. 7, and carrying over to S.A. 8, you know what I'm talking about. Yes, Your Honor. I don't think there's any doubt that Anthony Boyce lodged a complaint, his complaint was for a denial of continuing care, covering the period from November 2021. Are you with me? Yes, Your Honor. November 2021 through the filing of the complaint. The filing of the complaint occurred in, I think, what, May of 23, I think? Yes, Your Honor. Okay. So, I don't think that requires a lot of inferences or a bunch of legal gymnastics. I'm just literally reading from his complaint. Exactly, Your Honor. Okay. And then, if you get to the screening order, what we're calling the Merit Review Order, you'd say, well, what's the most sensible construction of that? It's a little bit ambiguous. Why don't we just read it through the prism of the complaint and conclude that the district judge allowed the claim, as you describe it, to go forward. Are you with me? Yes, Your Honor. Okay. And then, the magistrate judge reads it more narrowly. Exactly. Okay. And so, things get, that's where the real disconnect comes. So, rather than get into a whole bunch of, you know, how do we read Turley and what's the, you know, continuing violations doctrine and all that jazz, why isn't the easiest approach here to just send this back to the district court? The district court, if it goes back to the magistrate, goes back to the magistrate and say, you need to evaluate the entirety of his complaint. You can look at exhaustion. If the state gives up on exhaustion as an affirmative defense, perhaps you can make the point that Judge Kirsch is making. There's no discovery here that was taken at all, so it's going to be hard to prove deliberate indifference. In other words, you all can litigate it, exercising your discretion, and the magistrate judge will look at what papers are filed and just resolve it. I think that's a great idea, Your Honor. The vast majority of the claims, exhaustion was not addressed with respect to the vast majority of the claims because of the magistrate's narrow reading of the merit review order. For that reason, it makes perfect sense to remand for the magistrate judge to look at the entire exhaustion issue, or if the defendants do not press that, perhaps move on to merit system review. Your Excellency, you guys can file briefs about whether it's properly exhausted. The state can say it's not. You can go to the merits. You can do collectively what makes the most sense just to untangle this bit of a rubber band knot that we have with this fact pattern. Yes, Your Honor. I think in any order like that, I would specify that the entire exhaustion ruling is up for reconsideration. In other words, we wouldn't want to necessarily be bound by some kind of law of the case with respect to the first exhaustion ruling because the magistrate may not have fully appreciated the continuing violations argument and the case law on that. But, yes, certainly re-evaluating the whole thing makes sense. Okay. I'm not hearing any further questions. Do you want to save your remaining time for rebuttal and hear what your adversary has to say? I would, Your Honor. Thank you. Okay. Let's do that. Okay. Is it Trujillo? Trujillo. Trujillo. Welcome to you whenever you're ready.  May it please the court, counsel. I represent appellees Francis Catino and Ashley Cox. Counsel referenced the two issues that he wanted to discuss and in response to that, regarding the district order's review of Mr. Boyce's complaint, there was insufficient facts to go further than the specificity that the court used regarding September 26, 2022. The rest of the complaint doesn't contain sufficient facts, which you can see with the district court's decision that Dr. Trusovich, the claims against him were not sufficient to state a claim for deliberate indifference. So the court does discuss… What if we start with the grievance? Can we start there? So in the November 2021, and then we have Mr. Boyce talking about the July 2022, and then we have the complaint that also incorporates the September 26 appointment. Was there enough facts if we incorporate the grievance? Looking just at the grievance, since he filed it on September 20, 2022, it predated any conduct that occurred on September 26, 2022, and though he referenced July 2022 in the grievance, he doesn't necessarily reference that in the complaint. We addressed that in our brief that we believe instead of plaintiff's complaint saying July 3, 2022, we believe it was referring to 7-3 shift, which is a shift for the prison guards or the medical staff at the prison. When we're talking about kind of the trailing of the ongoing violation, if we're looking at the grievance, though… So going back to your point with the complaint, you're saying that it's a suggestion that the facility was not on notice? Regarding the conduct that Mr. Boyce alleges occurred in his complaint on September 26, 2022, that is not referenced in the grievance, so we would say that that would not have placed the prison on notice. We would have, though. That's kind of where Judge Cutter was going. If we're asking or limited to looking at the question of exhaustion and whether or not this particular violation was exhausted, and what he's raised, and this might be misconstruing, is that the violation is inadequate dental care. And so if that's the grievance, and so if we're resolving this on exhaustion, is it the contention of the facility that they were not on notice, that there was a grievance for a failure to provide adequate dental care? I can't speak for the facility, but regarding the conduct that was referenced in the grievance, Mr. Boyce mentioned that his teeth hurt, his gums hurt. I believe that that's what he said. And that he had a hole in his tooth, and that the doctor had scheduled him for extraction. But then in the relief that he requests, he states that he wants to be sent out to have his teeth cleaned, and he would like a filling. So there's no allegation of denial of a filling there. He simply stated that the doctor was going to schedule him for an extraction, but he doesn't necessarily allege that the doctor denied him medical treatment. But if we look at totally, did he have to file another grievance after the 26th appointment? I'm just wanting to make sure I understand the defendant's argument. We would argue yes, because the conduct described in the complaint for September 26th is not conduct that was described in the grievance. So that would not put the facility on notice since his grievance predated that appointment. But his grievance was not limited. I think that's where we're maybe missing each other, is the grievance is not the September 26th appointment. No, but. Yeah, can I? So I'm reading the grievance myself as quite, I think Judge Pryor is too, perhaps. She, we're reading the grievance as quite aligned with the complaint. So you're definitely right about this. Start with a very basic point. He can't possibly be grieving on September 20th about what happened on September 26th because September 26th hasn't come about yet. So he's definitely not grieving about that. Okay, I think everyone should agree on that. It's just a matter of the timeline. Okay. But then when you look at what he handwrites in that grievance on the 20th of September, he starts with November, on November 2021. You've read it many times. Yes. Okay, et cetera, et cetera. And he's talking about teeth cleaning to the present date. So to my eye, this guy's not trained as a lawyer. He's doing the best he can. He wants dental care. That seems to align to a tee with what he handwrote in his complaint at the bottom of page 7 and page 8. Now, I don't know if he's going to win. He may have one heck of an uphill climb on the merits. Maybe you actually have a good exhaustion argument. But I'm just trying to simply construe what he wrote in these documents, and we get a real disconnect on just the understanding between what the district court did, what we're calling screening colloquially, and what happened at the exhaustion phase with the magistrate judge. It gets all disconnected there. But I don't see a disconnect between the grievance and the complaint. They both start with, I mean, literally, he wrote this November 2021 through the present. For the grievance, if he were referring to a lack of adequate dental care from November 2021 up until September 2022. Well, my point is we don't have to guess at it, right? We don't have to argue about it. Let's just read what he wrote. Yes, but the conduct or the denial of dental treatment that he is grieving for that period of time, I guess we would argue that the conduct that he alleges occurred on September 26th is different because he's alleging that he was denied a filling. He doesn't necessarily say that. But he's denying that since November of 2021, I have not been receiving adequate care. He is not, and I guess that's why I keep going back to Turley, is that are we suggesting that this was not a continuing injury? I think in this court ruled in Waitman v. O'Brien, it was somewhat similar circumstances, I think, in terms of the fact that there was an allegation that there was ongoing denial of care, but there was a specific discrete act that the court saw as different. And so I guess we would be saying that this case is similar to that. So maybe he did argue ongoing inadequate dental care, but we would be saying that what he's alleging occurred on the 26th of September is additional. It's a discrete act compared to what he's alleging he was denied before. So he needs a separate grievance for that conduct. What do we do with prisoners need not file multiple successful grievances raising the same issue? What is the different issue? Well, specifically for Turley, I think one of the big issues there is that he was grieving prison conditions or policy. Going back to Boyce, what has changed? What is the different grievance? What is the different issue between the 20th when he files it and the date of the extraction when he's not feeling well? I think that it would be that he's alleging he was denied operative dentistry is what we referred to it in the brief, but that he was denied a filling or that he alleged that they wanted to do an extraction in bad faith. But he doesn't say that in the grievance. Okay, thank you very much. So we have a little bit of time left. You're welcome to use it. Thank you. I'll just respond very quickly to a few points from my friend on the other side. Firstly, as the court recognized, there is no substantive difference between the conduct alleged in the grievance and the events of the September 26th appointment. Waitman is distinguishable. That case involved complaints about delay in treatment, followed by a lawsuit about a denial of a specific procedure by a different body in the prison. Here, Mr. Boyce remained in exactly the same situation. There's also a question about whether the grievance was incorporated into the complaint. It was. It was attached and referenced in the complaint, and the allegations in it, including the July 2022 date, are therefore incorporated under this court's decisions in Perez. And, of course, the lengthy delay in care states a plausible deliberate indifference claim in and of itself. Unless there are any further questions, we'd ask the court to reverse. Okay. Thank you very much, Mr. Leek, to you, Mr. Heo, to you as well. We appreciate it very much. And, Mr. Leek, you and your law firm have the special thanks to the court for taking on the appointment and representation of Mr. Boyce. You should know he was well represented. We appreciate it, and we'll take the appeal under advisement. Thank you.